Page 1 of 5

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RAY DONOVAN NEVELS,**

    **Plaintiff,**

vs.                                           Case No. 4:20cv365-MW-MAF

**GOV. RON DESANTIS, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

At the time of case initiation, Plaintiff was a prisoner in the Florida Department of Corrections. ECF No. 1. Plaintiff was ultimately granted in forma pauperis status, ECF No. 6, and his complaint was reviewed. ECF No. 7. Notably, by the time of review, Plaintiff had been released from prison. *See* ECF No. 5, 7.

Essentially, Plaintiff challenges the fact that when prisoners are released from prison, they are provided only fifty dollars. Plaintiff's most recent amended complaint, ECF No. 13, is brought against the Governor and the Secretary of the Department of Corrections. *Id.* at 1. Plaintiff contends that Defendants are discriminating "against him by failure to

increase release gratuity" and Plaintiff seeks to have that amount increased to one hundred dollars. *Id.* at 5. Plaintiff contends that the Governor has violated his rights by refusing to provide stimulus relief to inmates released from prison. *Id.* at 6. As relief, he seeks one hundred thousand dollars from the Department of Corrections and four hundred thousand dollars from the State of Florida, *Id.* at 7, notwithstanding the fact that the State of Florida is not named as a Defendant.

First, even if the State were named as a Defendant in this case, Plaintiff's complaint could not proceed. Suits against States and state officials are not possible pursuant to 42 U.S.C. § 1983 because the state, state agencies, and state officials acting in official capacity are not "persons" as intended by § 1983. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L.Ed.2d 45 (1989). Furthermore, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. <u>Carr v. City of Florence, Alabama</u>, 916 F.2d 1521, 1524 (11th Cir. 1990).

Second, Plaintiff's complaint provides no facts which demonstrate how Plaintiff has been treated differently than any other prisoner released from prison. Plaintiff is unhappy with the amount of money provided as a

gratuity, but his displeasure with the amount is not a basis for a claim of discrimination.  Plaintiff has also not shown that other prisoners were provided with a stimulus that he did not receive.

Pursuant to Florida law, discharged prisoners are provided with "transportation, or its equivalent in money, back to the place from which the prisoner was sentenced."  FLA. STAT. § 951.04; *see also* FLA. ADMIN. CODE R. 33-601.503.  In addition, the rule in effect since 2017 permits an inmate to receive a discharge gratuity not to exceed $40.00 if deemed to be in the best interest of the inmate being released, and so long as the inmate has not had $100.00 or more in his account during the 180 days prior to his release and was not participating in a work release program.  FLA. ADMIN. CODE R. 33-601.502.  There are no facts which demonstrate that Plaintiff was not treated the same as other released prisoners.  Thus, the amended complaint is insufficient to state a claim for discrimination.

As Plaintiff was previously advised, if he desires a change to the laws of the State of Florida or to the Rules of the Florida Department of Corrections, he must request relief from the Legislature or Executive Branch.  The federal courts are not the proper avenue for Plaintiff to obtain relief or challenge the sufficiency of the discharge gratuity. *See* ECF No. 7.

Plaintiff's amended complaint reveals that he is currently detained in the Sarasota County Jail.  ECF No. 13.  Notwithstanding that he has provided a notice of change of address which requests that mail be sent to him through "Partners Investigations & Legal Research," and he provides a post office box address in Osprey, Florida, ECF No. 12, the Clerk of Court shall provide this Report and Recommendation to Plaintiff at both addresses to ensure Plaintiff receives it.

## O R D E R

Accordingly, it is **ORDERED** that the Clerk of Court shall provide this Report and Recommendation to Plaintiff at the address provided in the amended complaint, ECF No. 13, as well as the post office box address provided in his recent notice, ECF No. 12.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2020.

  S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**